**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHEENA ALEXANDER, on behalf of** | : | **CIVIL ACTION** |
| **herself and all others similarly situated,** | : | |
| *Plaintiff* | : | |
| | : | **NO. 12-1461** |
| **v.** | : | |
| | : | |
| **COAST PROFESSIONAL INC., *et al.*** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                 SEPTEMBER 5, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a *motion for class certification* filed by Plaintiff Sheena Alexander ("Plaintiff") pursuant to Federal Rule of Civil Procedure (Rule) 23. [ECF 55]. Defendant Coast Professional Inc. ("Defendant") has filed an opposition. [ECF 57]. Plaintiff filed a reply, [ECF 60], Defendant filed a sur-reply, [ECF 63], and Plaintiff filed a response to Defendant's sur-reply. [ECF 66]. The motion is ripe for disposition.

For the reasons stated herein, the motion for class certification is granted.

## BACKGROUND

In 1992, Congress amended Section 428F of the Higher Education Act, 20 U.S.C. §1078-6, *et seq.*, ("HEA"), to enable students with defaulted federally-insured student loans to rehabilitate the loans by making a fixed number of consecutive monthly payments in an amount that was "reasonable and affordable," based on the individual borrower's "total financial circumstances." Specifically, the relevant provision provides:

> Neither the guaranty agency nor the Secretary shall demand from a
> borrower as monthly payment amounts described in subparagraph

(A) more than is reasonable and affordable based on the borrower's total financial circumstances.

20 U.S.C. §1078-6(a)(1)(B). Under the rehabilitation program, once the borrower makes the necessary number of monthly payments, the loan is no longer in default and the borrower is eligible to receive additional student financial aid. 20 U.S.C. §1078-6(a)(1)(C) and (a)(3).

In 2002, Plaintiff applied for and received a student loan through the Federal Family Education Loan Program ("FFELP loan"). At the time of the underlying events, Plaintiff's loan was in default with an outstanding balance of approximately $27,500. The defaulted loan was assigned to the Department of Education, which in turn, assigned it to Defendant for collection purposes.

Defendant is in the collection business, with an emphasis on collecting student loans, including, FFELP and Direct loans. In February 2012, Defendant contacted Plaintiff by telephone to discuss Plaintiff's defaulted school loan and potential repayment options. Defendant advised Plaintiff that failure to cure her default could result in garnishment, litigation, or other actions to recover the unpaid balance of her loan. Only after determining that Plaintiff could not pay off the loan and advising her that involuntary administrative wage garnishment was a possibility, Defendant informed Plaintiff that she had some rehabilitation options. At the time, Plaintiff's monthly expenses exceeded her monthly income, leaving her with a monthly financial shortfall of $145. Despite being aware of Plaintiff's financial situation, Defendant offered Plaintiff a loan rehabilitation program consisting of monthly payments in the amount of $260, and advised her that this amount was the minimum amount that would be accepted. Pursuant to its policies and practices, Defendant calculated Plaintiff's monthly payment based solely on a percentage of her outstanding loan balance. Defendant followed this same policy and practice with regard to other student loan debtors.

Defendant maintains that this rehabilitation practice for collecting defaulted student loans was in line with rehabilitation program guidelines issued by the Department of Education. In contrast, Plaintiff contends that Defendant's practice violated the HEA by failing to take into account Plaintiff's "total financial circumstances" when determining the monthly payments required for Plaintiff to rehabilitate her defaulted school loan.

Plaintiff commenced this action by filing a complaint on March 23, 2012. [ECF 1]. On June 22, 2012, Plaintiff filed an amended complaint in which she asserted her original individual claims as well as claims on behalf of a purported class of similarly-situated student loan debtors. [ECF 15]. Plaintiff has moved to certify a class based on the allegations in her amended complaint. As defined by Plaintiff, the proposed class is:

> All residents of the Commonwealth of Pennsylvania with Federal
> FFELP and/or Direct Loans whose loans were serviced by Coast
> Professional, Inc., in default, had no judgments related to the
> default, were not previously rehabilitated and were otherwise
> qualified for rehabilitation and who did not pursue an offer of
> balance in full or settlement in full payment.

## LEGAL STANDARD

Rule 23 governs the certification of class actions in federal court. A plaintiff seeking class certification must satisfy all requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, ___ U.S. ___, 133 S.Ct. 1184, 1194 (2013); *see also Marcus v. BMW of North America*, 687 F.3d 583, 590 (3d Cir. 2012). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S.Ct. 2541, 2551 (2011). A district court's analysis of a motion for class certification "must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc.* at 1194 (quoting *Dukes*, 131 S.Ct. at 2551). However, "Rule 23

grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether Rule 23 prerequisites for class certification are satisfied." *Id.* at 1194-95. "Factual determinations necessary to make Rule 23 findings must be made by a preponderance of the evidence." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008).

To satisfy the Rule 23(a) requirements:

> (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy).

*Marcus*, 687 F.3d at 590-91 (citations omitted).

In this case, Plaintiff seeks certification of the proposed class under Rule 23(b)(3), which permits certification when a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).  Under this Rule, the court must also consider matters pertinent to these findings which include, in part, the class members' interest, if any, to the management of the class action itself.

**DISCUSSION**

In the class action complaint, Plaintiff contends that Defendant violated §1078-6 of the HEA and the implementing regulations found in 34 CFR §685.211(f) and §682.405(b)(13) when it failed to consider her "total financial circumstances" at the time Defendant calculated the

4

"reasonable and affordable" monthly payments she needed to make to rehabilitate her defaulted FFELP student loan.[1] Through the underlying motion, Plaintiff seeks class certification.

In opposing the motion for class certification, Defendant directs its argument to the merits of Plaintiff's claims rather than to the Rule 23 class certification requirements. Specifically, Defendant argues that Plaintiff's claims fail because: (1) the cited statute and regulations do not apply to either Defendant or Plaintiff's FFELP student loans; and (2) while servicing Plaintiff's loans, Defendant calculated her rehabilitation payments based on the 2009 Guidelines for the "Minimum Payment Amount," issued by the Department of Education, which, according to Defendant, are deemed as "reasonable and affordable" for purposes of the applicable statute and regulations.

As stated, however, when seeking class certification, a plaintiff need not "prove" success on the merits. "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen*, 133 S.Ct. at 1191. As the Third Circuit has explained, "there is no 'claims' or 'merits' litmus test incorporated into the predominance inquiry beyond what is necessary to determine preliminarily whether certain elements will necessitate individual or common proof." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 305 (3d Cir. 2011). This Court must, therefore, limit its analysis to

---

[1] While there is no express or implied private right of action under the HEA, a violation of the HEA can give rise to a private cause of action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692a, *et seq.  See Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1123-24 (11th Cir. 2004) (noting that "the Secretary of Education has expressed the belief that third-party debt collectors acting on behalf of guaranty agencies to collect federal student loans must comply with the FDCPA."). The FDCPA regulates the ways in which debt collectors can undertake collection activities and, generally, prevents all manner of coercive, deceptive, misleading and unconscionable collections practices. "Among the practices prohibited by the FDCPA is the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 2000).

the Rule 23 requirements and only wade into the merits to the extent relevant and necessary to those requirements. As such, this Court finds that Defendant's arguments regarding the merits of Plaintiff's case are neither relevant nor necessary to that analysis. Therefore, they are rejected at this stage, without prejudice, to their renewal at the appropriate stage of these proceedings.[2]

### Rule 23(a) Requirements
#### 1. Ascertainability

As a prerequisite to class certification, a plaintiff "must show by a preponderance of the evidence that there is a reliable and administratively feasible method for ascertaining the class." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 (3d Cir. 2013). To meet this prerequisite, "the class must be defined with reference to objective criteria." *Id.* at 355. Second, "there must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.*

This Court finds that the proposed class is sufficiently ascertainable. The class is limited to Pennsylvania residents who had defaulted on FFELP and/or Direct student loans, qualified for rehabilitation programs, and did not pursue an offer for balance in full or settlement in full payment. Members of the proposed class can likely be identified through a review of Defendant's company records, which track Defendant's communications with the defaulted borrowers. As described below, Defendant has already identified at least seventy-six (76) class members. Accordingly, Plaintiff has satisfied the preliminary Rule 23(a) considerations.

---

[2] Notably, Defendant makes these same merits-based arguments in a motion for summary judgment that it filed about the same time that it filed its opposition to class certification. [ECF 59]. As Plaintiff argues in her opposition to that motion, Defendant's motion for summary judgment is premature. The scheduling orders in this matter, which generally took the form submitted by the parties in various joint stipulations, clearly contemplate a first phase of discovery limited to class certification issues. [ECF 51].

## 2. Numerosity

Under Rule 23(a)(1), the court must determine whether the potential class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). Although "Rule 23(a)(1) does not require a plaintiff to offer direct evidence of the exact number and identities of the class members . . . in the absence of direct evidence, a plaintiff must show sufficient circumstantial evidence specific to the products, problems, parties, and geographic areas actually covered by the class definition to allow a district court to make a factual finding." *Hayes*, 725 F.3d at 357. "Only then may the court rely on 'common sense' to forgo precise calculations and exact numbers." *Id.*

Plaintiff contends that the number of potential class members is in the hundreds. Despite opposing the class certification, Defendant concedes that there are seventy-six (76) defaulted Pennsylvania-based borrowers who were offered the balance-sensitive repayment as a rehabilitation option.[3] Based on this concession, this Court finds that Plaintiff has met her burden as to numerosity.

## 3. Commonality

Pursuant to Rule 23(a)(2), this Court must determine whether "there are questions of law or fact common to the class," commonly known as "commonality." Fed.R.Civ.P. 23(a)(2). Under the rule, commonality "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart*, 131 S.Ct. at 2551. It "does not require identical claims or

---

[3] *Defendant's Opposition at pp. 20-21.*

7

facts among class member[s]." *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 597 (2012) (citations omitted). "For purposes of Rule 23(a)(2), even a single common question will do." *Id.* Claims common to the entire class "must depend on a common contention . . . [that is] of such a nature that it is capable of classwide resolution . . . [and] that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S.Ct. at 2551.

In opposing certification, Defendant argues that Plaintiff lacks commonality with the proposed class because liability as to each class member will turn on individualized inquiries regarding, *inter alia*, the type of loan, the borrower's default and the calculations used by Defendant to implement the rehabilitation program. Although dissimilarities between the class members are likely, there are several common questions of fact and law. As stated, the proposed class consists of Pennsylvania residents who defaulted on either their Direct or FFELP student loans and were contacted by Defendant regarding post-default repayment options but not offered monthly payments that took into consideration the borrower's total financial circumstances. As such, the factual basis of the claim is common to all potential class plaintiffs. In addition, each proposed plaintiff's claim is dependent on the resolution of at least one common legal issue: whether Defendant administered the rehabilitation program in violation of the HEA and implementing regulations by failing to take into consideration each individual borrower's "total financial circumstances" when determining the "reasonable and affordable" monthly payments required. This Court finds that these issues are common to all class members. Indeed, each class member's claim will turn on whether Defendant considered each individual plaintiff's "total financial circumstances" when calculating the reasonable and affordable monthly repayment plan. Therefore, Plaintiff has met the commonality requirement.

### 4. Typicality

Under Rule 23(a)(3), this Court must also determine whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Typicality and commonality are closely related and often merge. *Marcus*, 687 F.3d at 597. Typicality, however, "derives its independent legal significance from its ability to 'screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present.'" *Id.* at 598. "If a plaintiff's claim arises from the same event, practice, or course of conduct that gives rise[] to the claims of the class members, factual differences will not render that claim atypical if it is based on the same legal theory as the claims of the class." *Id.*

Typicality ensures that the putative class members' and class representative's interests "are aligned 'so that the latter will work to benefit the entire class through the pursuit of [their] own goals.'" *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir. 2001) (citations omitted). Typicality is met "when the named plaintiffs and the proposed class members 'challenge [] the same unlawful conduct." *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 394 (E.D. Pa. 2001) (quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994)). Complete "factual similarity is not required; just enough factual similarity so that maintaining the class action is reasonably economical and the interests of other class members will be fairly and adequately protected in their absence." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 598 (3d Cir. 2009).

Defendant argues that Plaintiff cannot meet the typicality requirement because she was the beneficiary of a FFELP loan, yet she seeks to include Direct loan borrowers within the class. This issue is similar to one addressed by the Third Circuit in *Marcus v. BMW of N. Am., LLC*. In

9

*Marcus*, the plaintiff sought to certify a class to include persons who leased or bought various models of BMWs, though the named plaintiff leased only one model. The defendants argued that the plaintiff could not meet the typicality requirement under the circumstances because each model had different characteristics, designs, and uses. 687 F.3d at 599. Rejecting the defendants' argument, the Court found that the plaintiff met the typicality requirement because the claims were based upon alleged misrepresentations by the defendants which did not differ between models. *Id.* "When a class includes purchasers of a variety of different products, a named plaintiff that purchases only one type of product satisfies the typicality requirement if the alleged misrepresentations or omissions apply uniformly across the different product types." *Id.* (citations omitted).

Here, though Plaintiff seeks certification of a class to include persons who essentially obtained two different products, *i.e.*, FFELP loans and Direct loans, Plaintiff has presented evidence that Defendant made the same misrepresentations as to both types of loans and failed to consider the borrower's "total financial circumstances" when calculating the monthly payments as required by the statute and regulations applicable to each type of federal student loan. Thus, like the plaintiff in *Marcus*, Plaintiff has met the typicality requirement.

Defendant also argues that Plaintiff's claims are not typical of those of the proposed class because she testified during her deposition that she was seeking lower monthly payments rather than monetary damages, the only remedy afforded by the FDCPA. While Plaintiff, a non-lawyer, may not fully understand each of the legal intricacies involved in this matter, such knowledge is not required. It is clear, however, from Plaintiff's amended complaint that she seeks monetary relief.

In this case, the facts and legal underpinnings of Plaintiff's case are typical of those of the proposed class. While there may be some factual disparities, they should not pose a conflict between the named plaintiff and the class she seeks to represent. Each class member's claim arises from the same or similar course of events in that each member was offered rehabilitation payments which were allegedly calculated by Defendant without consideration of the individual member's "total financial circumstances." Plaintiff's legal theory and burden of proof are the same as they would be for each member of the putative class. Therefore, this Court finds that the typicality requirement is satisfied.

### 5. Adequacy

Under Rule 23(a)(4), this Court must also determine whether the proposed class representatives, Plaintiff and her counsel, "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). To meet the adequacy requirement, a finding must be made that (1) Plaintiff's interests do not "conflict with those of the class" and (2) the proposed class counsel are "capable of representing the class." *Newton*, 259 F.3d at 185. The Third Circuit has "recognized that the linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class," *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012), and "not proof of vigorous pursuit of the claim." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 307 (3d Cir. 2005). This requirement serves "to ensure that the putative named plaintiff has the incentive to represent the claims of the class vigorously." *Dewey*, 681 F.3d at 184.

While Defendant does not question the qualifications or competency of Plaintiff's counsel, Defendant challenges the adequacy of Plaintiff's counsel to serve as class counsel here by raising counsel's alleged failure to advise Plaintiff of Defendant's offer of judgment. As

11

support, Defendant points to Plaintiff's deposition testimony in which she was unable to recall whether she had been advised of the Defendant's previous offer of judgment.  Notably absent from Defendant's argument, however, is the fact that Defendant's offer of judgment was stricken by the Court because such offers of judgment in the class action context "run afoul of the provisions of Fed.R.Civ. 23." [ECF 31].  Regardless, this Court is satisfied that proposed class counsel are sufficiently experienced in class litigation, including litigation under the FDCPA, to adequately represent the proposed class in this matter.

Defendant also challenges the adequacy of Plaintiff to represent the class members because of various deposition testimony wherein she lacked precise knowledge of the legal premise of her claims.  "A class representative need only possess 'a minimal degree of knowledge necessary to meet the adequacy standard.'" *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007).  While Plaintiff's cited deposition testimony may suggest that she is not fluent with the legal theories of her case, it generally reveals a basic understanding of the factual underpinnings of the claim.  This Court is satisfied that Plaintiff is adequate to represent the proposed class.

### *Rule 23(b)(3) Requirements*

Having found that Plaintiff has satisfied each of the Rule 23(a) prerequisites, this Court must turn to the requirements contained in Rule 23(b) and determine whether "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).  These two requirements are generally referred to as "predominance and superiority."

*a. Predominance*

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Issues common to the class must "predominate" over individual issues. *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 313-14 (3d Cir. 1998). "Because the 'nature of the evidence that will suffice to resolve a question determines whether the question is common or individual,' 'a district court must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case.'" *In re Hydrogen Peroxide*, 552 F.3d at 311 (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).

As stated, the essence of Plaintiff's claim is that Defendant's policy and practice of calculating a borrower's monthly rehabilitation payment without regard to the "total financial circumstances" of the borrower violated Defendant's regulatory obligations to Plaintiff and the proposed class members.  To succeed on her FDCPA claim, Plaintiff need only show that Defendant's debt collection practice was deceptive from the perspective of the least sophisticated consumer. *See Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).  This is the same showing any member of the class would have to make in order to prevail on an FDCPA claim based upon the same conduct and representations of Defendant.  Indeed, as other courts in this district have found, the factual and legal issues involved in an FDCPA class action based on a debt collector's alleged misrepresentations are generally identical for all class members. *See e.g., Seawell v. Universal Fidelity Corp.*, 235 F.R.D. 64, 67 (E.D. Pa. 2006) (certifying class for FDCPA claims); *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109, 111-12 (E.D. Pa. 2002) (same); *see also Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997)

("[P]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws."). As such, this Court finds that the questions of law or fact common to class members that involve liability predominate over questions involving only individual members.

### b. Superiority

Under the second criterion of Rule 23(b), this Court must find that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b). The superiority element requires courts "to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods of adjudication.'" *Community Bank of Northern Virginia*, 418 F.3d at 309 (citations omitted). A "nonexhaustive list of factors pertinent to a court's 'close look'" at the superiority requirement is found in the text itself. *Amchem*, 521 U.S. at 615-16. The list includes:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3)(A)-(D). The Third Circuit has noted that the FDCPA specifically provides for class damages and recognized that a class action is a benefit to claimants who can share the cost of litigation when their individual recoveries are relatively small, as is the case here. *Weiss v. Regal Collections*, 385 F.3d 337, 344-45 (3d Cir. 2004) ("Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA."); *see also Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) ("Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action.").

Based upon this analysis, this Court finds that consideration of the above-mentioned factors weighs favorably for certification. Further, because of the number and nature of potential class plaintiffs and the fact that each member's potential recovery is likely to be small compared to the cost of litigating an individual case, maintaining this matter as a class action is superior to other available methods.

## CONCLUSION

Having concluded the requisite "vigorous analysis" of the Rule 23(a) and (b) factors and considering the case law cited, this Court finds that the requirements of Rule 23 have been met and that certification of Plaintiff's proposed class is proper. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.