# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEENA ALEXANDER, individually and on behalf of others similarly situated<br>*Plaintiff*<br><br>v.<br><br>COAST PROFESSIONAL INC.<br>*Defendant* | : CIVIL CLASS ACTION<br>:<br>: NO. 12-1461<br>:<br>:<br>:<br>:<br>:<br>: |

## FINAL APPROVAL ORDER

**AND NOW**, this 7th day of March 2016, upon consideration of the Parties' *motion for final approval of the Class Action Settlement Agreement* ("Settlement Agreement") between Plaintiff Sheena Alexander ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant Coast Professional, Inc., ("Defendant" or "Coast"), and following a fairness hearing held on January 12, 2016, in accordance with Federal Rule of Civil Procedure ("Rule") 23, it is hereby **ORDERED** that the motion for final approval is **GRANTED**, as outlined in this Order and the accompanying Memorandum Opinion.

Based on the evidence presented at the fairness hearing and upon a review of the submissions of the parties, the following determinations are made:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Coast.

2. Consistent with the parties' stipulations and this Court's Preliminary Approval Order, [ECF 92], this action satisfies the applicable prerequisites for class action treatment under Rule 23(a) and (b); *to wit*: the class, as defined in the Settlement Agreement (the "Class"), is so numerous that joinder of all members is not practicable; there are questions of law and fact

common to the Class; the claims of the Class Representative are typical of the claims of the Class; and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members. These questions include whether Coast violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, *et seq.*, by calculating reasonable and affordable payments for rehabilitation of defaulted federal FFELP and Direct Loans, in a manner that Plaintiff contends violated the FDCPA. The treatment of this matter as a class action is superior to other available methods for the fair and efficient adjudication of this action.

3. Previously, this Court approved a form of notice for mailing to the Settlement Class and ordered its dissemination. According to the parties' submissions, this approved form of notice was sent by first class mail to approximately 2,620 Settlement Class members by Dahl Administration, the third-party settlement administrator. A total of 503 envelopes was returned by the United States Postal Service, four of which were returned with forwarding addresses and re-mailed. As such, notice to the Class required by Rule 23(e) has been mailed and provided in accordance with the Court's Preliminary Approval Order, and in an adequate and sufficient manner, constituting the best notice practicable under the circumstances, and satisfying Rule 23(e) and due process.

4. Defendant has timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715. This Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

5. The Settlement Agreement was reached at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

6. The settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate to the members of the Class in light of the complexity, expense, duration of litigation, and the risks involved in establishing liability, damages and maintaining the class action through trial and appeal.

7. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims set forth in the Settlement Agreement.

8. No class members have excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order or have filed any objections.

Accordingly, it is **ORDERED** that:

1. This action is finally certified as a class action against Coast Professional Inc., on behalf of a Class defined as follows:

> all residents of the Commonwealth of Pennsylvania with Federal FFELP and/or Direct Loans whose loans were serviced by Coast Professional, Inc., in default, had no judgments related to the default, were not previously rehabilitated and were otherwise qualified for rehabilitation and who did not pursue an offer of balance in full or settlement in full payment, during the period beginning June 22, 2011, and ending June 22, 2012.

2. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) as fair, reasonable, and adequate, and in the best interests of the Class. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

3. In addition, Class Counsel's litigation expenses and attorneys' fees are approved in the amount of $185,000.00. This Court also approves a payment to the Class Representative, Sheena Alexander, in the amount of $2,000.00 as consideration of her individual claims against Defendant and for the valuable service she performed for and on behalf of the Class.

4. As agreed by the parties in the Settlement Agreement, upon the Effective Date, as that term is defined in the Settlement Agreement, Coast shall make the following payments:

(a) Coast has created a class settlement fund of $9,000.00 ("Class Fund"), which a settlement administrator will distribute *pro rata* among Settlement Class Members who did not exclude themselves and who returned a timely, valid claim form ("Participating Class Settlement Members"). Participating Class Settlement Members will receive a *pro rata* share of the Class Recovery by check. Checks issued to the Participating Class Settlement Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Fund remains after the void date on the Participating Class Settlement Members' checks, these remaining funds will be distributed as set forth in the following paragraph.

(b) Coast shall pay Plaintiff $2,000.00;

(c) Class Counsel will receive attorneys' fees and costs in the amount of $185,000.00. Class Counsel will not request additional fees or costs from Coast.

In addition, the Parties grant the following releases:

(d) Plaintiff and each Settlement Class Member, who did not effectively exclude themselves from the Settlement, forever release and discharge Coast, their respective representatives, heirs, fiduciaries, administrators, executors, trustees, conservators, directors, officers, members, partners, attorneys, employees, and affiliated companies, associated companies, predecessors-in-interest, successors-in-interest and assigns, from any and all manner of action and actions, cause and causes of action, claims and controversies whatsoever, that were asserted or could have been asserted in this litigation, arising out of or related in any way, in whole or in part, to the debt collection actions and other conduct which was alleged by Plaintiff in the litigation and was allegedly performed by Coast during the period from June 22, 2011, and ending on June 22, 2012.

(e) Coast releases and discharges Plaintiff Sheena Alexander, her present and former attorneys, heirs, agents, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the litigation.

(f) Nothing contained in the Class Action Settlement Agreement shall be construed to reduce the amount of any debts claimed to be owed to any creditor, or the creditor's representatives, fiduciaries, administrators, executors, trustees, conservators, directors, officers, members, partners, employees, and affiliated companies, associated companies, predecessors-

4

in-interest, successors-in-interest and assigns by Class Members. In addition, nothing contained in the Agreement shall be construed in any way to limit, impair, prevent or otherwise interfere with the right of Coast or any creditor, their respective representatives, agents, fiduciaries, attorneys, administrators, executors, trustees, conservators, directors, officers, members, partners, employees, and affiliated companies, associated companies, predecessors-in-interest, successors-in-interest and assigns to utilize any and all lawful, equitable or contractual means in an effort to collect all such debts of the Settlement Class members. In addition, nothing contained in the Agreement shall be construed in any way to limit, impair, relieve, remove or otherwise affect any pending or future litigation, wage garnishment, levy, execution or other action that is, has been, or will be lawfully commenced by Coast or any creditor in connection with the collection of any debt from any Settlement Class Member.

5. The terms of the Settlement Agreement are incorporated into this Order.

6. Consistent with the parties' agreement, within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by Dahl Administration, on behalf of Coast, to the following *cy pres* recipient: Clarifi, 1608 Walnut Street, 10th Floor, Philadelphia, PA 19103, a non-profit consumer organization, for use in aiding and educating low income consumers in Philadelphia facing debt and credit issues.

7. This Order constitutes a Final Judgment and Dismissal *without prejudice* of the claims in this action.

8. After all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, Coast shall file a notice certifying that the terms of the Settlement Agreement have been fully complied with and shall provide the Court with an accounting of how the money in the Class Fund was distributed.

9. In the absence of entry of any order to the contrary, ten (10) days after the filing of the notice contemplated in Paragraph 8 immediately above, the dismissal of the claims of Plaintiff and the Settlement Class shall be deemed terminated *with prejudice* and without costs,

and shall be docketed by the Clerk as such upon request of either Party, without further order of this Court.

10. This Court finds, in accordance with Rule 54(b), that there is no just reason for delay of enforcement of this Order.

11. This Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

12. The Parties are hereby **ORDERED** to comply with the terms of the Settlement Agreement and this Order.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*